# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANCIS J. HENKEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. |
| v. | ) |
| | ) |
| TOWER HILL SCHOOL ASSOCIATION, | ) JURY DEMAND |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW, Plaintiff Francis J. Henkel, by and through his undersigned counsel, and files his Complaint against Defendant Tower Hill School Association and states as follows:

## PARTIES

1. Plaintiff Francis J. Henkel ("Plaintiff") is a citizen of the United States and a resident of the State of Delaware.

2. Defendant Tower Hill School Association ("Defendant") is a private school and corporation organized and existing under the laws of the State of Delaware, and whose agent for service of process is Tower Hill School Association, 2813 W. 17th Street, Wilmington, Delaware 19806.

## NATURE OF THE ACTION

3. This action is brought pursuant to the provisions of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution ("Fourteenth Amendment") as enforced by 42 U.S.C. § 1983 ("Section 1983"); and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621-34 (the "ADEA").

4. Plaintiff seeks damages and other appropriate legal and equitable relief, including attorneys' fees, pursuant to Section 1983 and 29 U.S.C. § 626.

## JURISDICTION AND VENUE

5. This Court has jurisdiction based upon the existence of a question arising under the laws of the United States of America pursuant to 28 U.S.C. § 1331.

6. Venue is appropriate in this District since all of the acts alleged in this Complaint occurred within the District of Delaware.

## EXHAUSTION OF ADMINISTRATIVE RIGHTS

7. On September 3, 2018, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

8. The EEOC issued a Dismissal and Notice of Rights on September 8, 2018, a copy of which is attached hereto as Exhibit A.

## FACTUAL BACKGROUND

9. Plaintiff was employed by the Defendant for approximately twenty-five (25) years, first in a part-time and, later, a full-time capacity, as a counselor in the Middle and Upper Schools.

10. Plaintiff performed the duties of counselor in a competent and effective manner.

11. Plaintiff has a Master's Degree from the University of Pennsylvania; and post-masters training in Family Therapy and School Consultation from the Philadelphia Child Guidance Clinic.

12. Plaintiff was and is qualified for the position of counselor.

13. Plaintiff had an annual contract with Defendant, which was renewed yearly.

14. In or about 2015, Defendant hired a new Head of School, Elizabeth Speers.

15. Upon joining Defendant, Ms. Speers undertook a campaign to replace older employees with younger employees.

16. In February 2018, when Plaintiff had not yet received his annual contract, an Assistant Head of School told Plaintiff not to worry and that Plaintiff would receive a contract the following week.

17. Plaintiff did not receive the contract as promised.

18. Instead, Ms. Speers and her Assistant Heads of School met with Plaintiff and informed him that his position as counselor to the Middle and Upper Schools was being eliminated as part of a reorganization of Defendant's counseling services.

19. Ms. Speers stated that the counselor position would be replaced with a psychologist who possessed a doctoral degree in psychology.

20. Plaintiff's employment was terminated and his contract was not renewed.

21. Contrary to what Defendant had told Plaintiff, Defendant thereafter posted an advertisement for Plaintiff's position, which stated that an advanced degree in school psychology was *not* required.

22. At the time he was terminated, Plaintiff was sixty-two (62) years old.

23. Plaintiff's position was filled by an individual who is significantly younger than Plaintiff.

**COUNT I**
**Age Discrimination in Employment Act of 1967**
**as amended, 29 U.S.C. § 621-34**

24. Plaintiff repeats and re-alleges the prior allegations of the Complaint as specifically set forth herein.

25. Plaintiff is an individual over forty (40) years of age.

26. At all times, Plaintiff was qualified to perform the duties of his position.

27. The reasons given by Defendant for terminating Plaintiff's employment were a mere pretext for age discrimination.

28. The actions of Defendant in terminating the employment of Plaintiff were in violation of 29 U.S.C. § 621-34.

WHEREFORE, Plaintiff request the Court to enter judgement in his favor against the Defendant as follows:

(a) Declare the conduct by Defendant be in violation of Plaintiff's statutory rights.

(b) Award Plaintiff back pay, future pay, and compensatory damages for his losses from the date of his wrongful termination until the date of any judgement, and front pay for future losses.

(c) Award Plaintiff sufficient funds to compensate his for his pain and mental anguish, which cannot otherwise be compensated by any equitable relief.

(d) Award Plaintiff compensatory and punitive damages not otherwise specified herein.

(e) Award Plaintiff any and all liquidated damages, which would make the Plaintiff "whole" and to which he is entitled.

(f) Award Plaintiff attorneys' fees, and the cost of this action, pre-judgement and post-judgement interest; and,

(g) Award Plaintiff such other and further relief and this Court deems just and proper.

                SMITH KATZENSTEIN JENKINS, LLP

                */s/ Margaret M. DiBianca*
                Margaret M. DiBianca, Esq. (Bar ID 4539)
                1000 West Street, Ste. 1501
                Wilmington, DE 19801-0391
                Telephone: (302) 504-1655
                Email: mdibianca@skjlaw.com

Dated:   December 10, 2018      *Attorneys for Plaintiff*

5